IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES FRANK CANALE, JR.,

    Petitioner,

v.                              Civil Action No. 3:16CV400

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Charles Frank Canale, Jr., a Virginia inmate proceeding with counsel, submitted a 28 U.S.C. § 2254 petition (hereinafter "§ 2254 Petition," ECF No. 1) challenging his 2012 convictions in the Circuit Court of the City of Williamsburg and County of James City ("Circuit Court"). By Memorandum Opinion and Order entered on August 11, 2017, the Court dismissed Canale's § 2254 Petition. (ECF Nos. 16, 17.) On August 16, 2017, the Court received from Canale a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 18).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D.

Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Canale relies upon the third ground. As discussed below, to the extent that Canale raises arguments appropriate for Rule 59(e) relief or that seek to vindicate his rights, he fails to demonstrate that the dismissal of his § 2254 Petition rested upon a clear error of law or that vacating that dismissal is necessary to prevent a manifest injustice.

At this juncture, a brief summary of the relevant state proceedings is helpful. As set forth more fully in the Court's prior Memorandum Opinion, Canale was represented at trial, on direct appeal, and throughout his state and federal habeas proceedings by the same counsel. In Claim One of his federal habeas proceedings, Canale asserted that the trial court had violated his right to due process when it denied his motion to inspect the original computer used by the detective in his online chat conversation with Canale. The Court noted that, on direct appeal to the Supreme Court of Virginia, Canale relied entirely upon state law in arguing that the trial court erred in not allowing him to inspect the computer. Therefore, the Court found that Canale had not exhausted the due process aspects of Claim One on direct appeal.

On state habeas in the Circuit Court, Canale once again raised the claim that the Circuit Court had erred in denying his motion to inspect the computer. Although he mentioned due

2

process once in the context of a quote, the thrust and substance of the claim remained based on state discovery and evidentiary principles. Furthermore, Canale informed the Circuit Court that he was raising, once again, the same claim that had been rejected on direct appeal. Given that information, the Circuit Court, unsurprisingly, rejected the claim on the ground that Canale could not use a habeas corpus petition to relitigate issues already decided against him on direct review. The Supreme Court of Virginia refused Canale's collateral appeal.

The main thrust of Canale's Rule 59(e) Motion is devoted to counsel's sentiment that the Court has somehow disparaged counsel's name, not to vindicating the rights of his client. In particular, counsel[1] characterizes the Memorandum Opinion as "questioning Canale's counsel['s] integrity." (Mem. Supp. Rule 59(e) Mot. 2.) It is correct that the Memorandum Opinion addresses points made by counsel in his briefs and explains that certain claims were defaulted by counsel. And, it is correct that the Memorandum Opinion faults counsel for citing an altered quotation to this Court. Counsel claims that a manifest injustice occurred, in part, because "the Court's analysis is tainted by certain unfortunate comments related to the character

---

[1] The Court imputes these arguments to counsel and not to Canale, because they have nothing to do with advancing Canale's rights under Rule 59(e). The Court therefore refers to counsel, and not Canale, in this discussion.

3

and integrity of Canale's counsel. These unfortunate comments originate as a result of a typographical error in the citation portion of an otherwise accurate quote." (Id. at 1-2.) Counsel argues that "[t]ypographical errors happen occasionally" and that "[i]t is very disappointing and unfortunate that the Court used an unintended citation error as [a] basis to question the integrity of a member of the Virginia State Bar." (Id. at 2.) Counsel's definition of a "typographical error" stretches the meaning of that term.

In the discussion of the due process portion of Claim One, the Court explained that the record before it made it difficult for the Court to ascertain whether that portion of the claim was procedurally defaulted. (Mem. Op. 8-10, ECF No. 16.) The Court also stated that counsel had demonstrated a lack of candor with the Court in arguing that the due process portion of Claim One was exhausted. Counsel now attaches as exhibits, filings from the state courts to prove that he did, indeed, raise a due process claim, and that what appeared to be a quote edited by counsel to prove his point was actually an accurate quote from the Petition for Appeal from the Court of Appeals of Virginia. (See ECF No. 19-1, at 12; see also Mem. Op. 9-11.) Counsel indicates that he provided the wrong citation in his Memorandum in Opposition to Respondent's Motion to Dismiss to Exhibit 3, page 16, or ECF No. 12-3, at 16, which was an exhibit to the

4

Brief in Support of Motion to Dismiss. (See Mem. Supp. Rule 59(e) Mot. 2.) Apparently, counsel intended to cite and quote text from an exhibit attached to a different filing, Exhibit Number 1, page 13, or ECF No. 13-1, at page 13, of the Memorandum in Opposition to the Respondent's Motion to Dismiss. However, in the Memorandum in Opposition to Respondent's Motion to Dismiss, counsel also expressly represented to the Court that this quote was from the "Petition for Appeal filed with the Supreme Court of Virginia," which it was clearly not. (Mem. Opp'n Mot. Dismiss 4-5, ECF No. 13.) Thus, the Court reasonably searched the Petition for Appeal filed in the Supreme Court of Virginia for the quoted text, not an entirely different exhibit, attached to a different filing in this Court, which was filed in a different state court, the Court of Appeals of Virginia. While it is possible that counsel may not have intended to mislead the Court, counsel made several errors in presenting the due process aspect of Canale's claim in this Court, and he refuses to accept responsibility for failing to exhaust his client's due process claim in state court.[2] However, the Court's comments about counsel's errors are not a clear error of law, and certainly do not amount to manifest injustice.

---

[2] This is precisely why the Court reviewed the merits of the due process aspect of Claim One notwithstanding any default caused by counsel.

5

Moreover, to the extent that counsel argues that he truly raised the due process aspect of the claim by pointing to an argument made in the Petition for Appeal in the Court of Appeals of Virginia, this fails to prove that the claim was properly exhausted. To the contrary, in determining whether this claim is exhausted, the issue is not whether Canale mentioned the due process aspect of his claim in the Court of Appeals of Virginia. The issue is whether the claim must be fairly presented to the Supreme Court of Virginia. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). As the Court previously identified, and the Court further explains below, the Petition for Appeal filed in the Supreme Court of Virginia failed fairly to present a federal due process claim.

Canale next engages in a fairly extended analysis about how he really did exhaust the due process aspect of Claim One. (Mem. Supp. Rule 59(e) Mot. 3-5.) Canale submits records from his state habeas proceedings — his Response to Motion to Dismiss that he filed in the Circuit Court (ECF No. 19-2), and, his Petition for Appeal of the denial his habeas petition filed in the Supreme Court of Virginia (ECF No. 19-3) — to again make the argument that he sufficiently raised a due process claim for exhaustion purposes. The Response to Motion to Dismiss filed in the Circuit Court includes the words "due process" several times. (ECF No. 19-2, at 1-4.) However, as the Court previously explained,

6

Canale misled the Circuit Court in his state habeas petition when he indicated that he was raising the same claims that he had raised on direct appeal. (See Mem. Op. 12-13.) Because of this representation, the Circuit Court rejected the claim on the ground that it had already been decided on direct appeal. Therefore, the due process aspect was not fairly presented to the Circuit Court in the state habeas petition filed with the Circuit Court.

The Petition for Appeal of the denial of the state habeas petition filed in the Supreme Court of Virginia did not include a due process aspect of the claim in the recitation of the assignments of error in the petition. (See ECF No. 19-3, at 2.) Canale only incorporated the words, "Due Process," and presented a brief due process argument, for the first time in the recitation of the assignment of errors that appeared in the body of the Petition for Appeal. (See id. at 9-11.) However, to the extent that Canale now argues that he raised a due process claim in the Supreme Court of Virginia in the Petition for Appeal from the Circuit Court's denial of the state habeas petition, he fails to demonstrate that the claim was exhausted. A "petitioner does not fairly raise an issue if she or he seeks review of the federal claim for the first time on discretionary appeal." Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004) (citations omitted) (discussing Castille v. Peoples, 489 U.S. 351 (1989)). Canale's

7

attempt to cobble together pieces of a due process claim from various portions of the state court record fails to demonstrate that the claim was fairly presented to the state courts in accordance with Virginia's "chosen procedural scheme." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994).

Despite counsel's focus on proving exhaustion here, the Court will not engage in an extended re-evaluation of exhaustion and procedural default in analyzing the Rule 59(e) Motion. This is because the Court ultimately reviewed the due process aspect of Claim One on the merits, notwithstanding any default caused by counsel.

Canale now asserts that dismissal of Claims One and Two on the merits was an error of law. That challenge lacks merit.

Canale suggests that the merits review of Claims One and Two, "contains errors of law." (Mem. Supp. Rule 59(e) Mot. 6.) First, Canale contends that the Court "essentially adopted the analysis of the Virginia Court of Appeals, classifying Canale's gravamen as a discovery claim." (Id.) Contrary to this assertion, the Court did not examine Canale's claim based solely on state discovery rules. As previously explained, to the extent Canale's claim was based on "just . . . discovery rules," the Court explicitly stated that those determinations of state law are not reviewable on federal habeas. (Mem. Op. 17 n.7.) Canale's Rule 59 contention is, as was Claim One, whether the

8

metadata from the police computer should have been provided to the defense. The Court fails to discern how that is not a discovery claim. Although Canale insists that the failure to turn over this evidence to the defense violates due process, as explained previously in the Court's August 11, 2017 Memorandum Opinion, the Constitution simply does not provide some general, due process right to discovery beyond what Brady v. Maryland, 373 U.S. 83, 86-88 (1963) requires. Gray v. Netherland, 518 U.S. 152, 168 (1986). Canale, therefore, fails to identify any clear error of law in the Court's dismissal of Claim One.

Second, Canale argues that "[a]ccording, to the Court, Canale does not offer a full analysis of analogous cases and 'generally asserts that some broad federal due process right exists that entitled him to inspect the original electronic chat files.'" (Mem. Supp. Rule 59(e) Mot. 6 (quoting Mem. Op. 19.)) Canale argues that there are "not many cases that are analogous to the fact pattern presented herein," as an explanation for why he could not muster a stronger due process argument. (Id.) Canale's due process claim fails not because of the absence of case law similar to the facts of this case, but because he cannot demonstrate that the prosecution suppressed material, exculpatory evidence when it refused to turn over the metadata from the police computer. As previously explained in the Memorandum Opinion, the due process clause requires the government to

disclose any material exculpatory or impeachment evidence in its possession. Giglio v. United States, 405 U.S. 150, 153-55 (1972); Brady, 373 U.S. at 86-88. Canale claims that, without examining the evidence he sought, there is no way that he could demonstrate that the evidence was material or exculpatory. (Mem. Supp. Rule 59(e) Mot. 7.) This is simply not true.

In his § 2254 Petition, Canale argued that there was a "genuine issue as to the quality of what occurred in the chats across multiple days and times – not simply whether the chats took place, but that if they did occur, what exactly was said and when it was said." (Mem. Supp. § 2254 Pet. 6, ECF No. 2.) Canale fails to identify what "genuine issue" existed beyond this vague statement. He pointed to no concrete evidence that the chats did not take place, or that the content and timing of the conversations were at issue. Additionally, Canale identified no specific argument based on any fact in the record that could call into question the accuracy of the transcripts of the chat conversations. In sum, as explained previously, Canale did not demonstrate that metadata from the police computer was material or exculpatory. Nor did Canale demonstrate that there is a reasonable probability that, had the computer data been disclosed to the defense, the result of Canale's criminal proceeding would have been different. Kyles v. Whitley, 514 U.S. 419, 433-34 (1995). Instead, Canale seeks to breathe into the Constitution

some greater, general due process right to discover evidence beyond what Brady requires. Canale fails to demonstrate a clear error of law or that altering the Court's Opinion is necessary to avoid a manifest injustice.

With respect to Claim Two, Canale argues that,

> [i]n its analysis of the sufficiency of the evidence, the Court does not address another central issue, the context in which the purported chats occurred. Such analysis is necessary in order to understand whether the words uttered during these chats were in fact a manifestation of intent to commit a crime or simple role play.

(Mem. Supp. Rule 59(e) Mot. 8.) Canale again argues that because the Yahoo.com profile showed that ridergurl80 was over the age of eighteen, and because Canale's computer showed that he viewed that profile, "[t]he evidence therefore showed Canale had reason to know that ridergurl80 was over 18-years-old." (Id.) The Court fails to discern, and Canale fails to explain, what "context" the state courts and this Court failed to consider. Canale engaged in communications with a victim who identified herself as fourteen-years-old and clearly acted as if she was under fifteen years of age. The Court concluded that no unreasonable application of law and no unreasonable determination of fact existed in the state court's determination that Canale knew or had reason to believe that "ridergurl80" was under fifteen years old. Canale has shown no clear error of law in the Court's dismissal of this claim.

Accordingly, Canale's Rule 59(e) Motion (ECF No. 18) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

It is so ORDERED.

                                      /s/ *REP*
                                      Robert E. Payne
                                      Senior United States District Judge

Richmond, Virginia
Date: November 27, 2017